UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

PIERCE MCCAFFREY,

                                        Plaintiff,

                    -against-


THE CITY OF NEW YORK; POLICE SERGEANT
CHRISTOPHER SHEA (Shield No. 02700); POLICE
OFFICER JAMES CARAVELLO (Shield No. 10725);
POLICE OFFICER PETER CIAPPA (Shield No. 09133);
POLICE OFFICER MICHAEL YEN (Shield No. 10914); and
POLICE OFFICER RICHARD FUENTES (Shield No. 11714).

                                        Defendants.
-------------------------------------------------------------x

No. 21 Civ. 1988 (MKB) (JRC)

**AMENDED COMPLAINT
AND JURY DEMAND**

        Plaintiff Pierce McCaffrey, by and through his attorneys, Cuti Hecker Wang LLP,

for his Amended Complaint alleges as follows:

## INTRODUCTION

        1.        In June 2020, in the wake of the brutal murder of George Floyd and other

incidents of racialized violence by the police, tens of millions of people in the United States

exercised their First Amendment rights to peacefully gather and protest the stream of injustices.

By many accounts, June 6, 2020 was the peak of those protests; an estimated half a million

people turned out on that day alone, in hundreds of locations across the United States, to

demonstrate their solidarity with the Black Lives Matter movement.

        2.        Twenty-two-year-old Pierce McCaffrey joined one of those peaceful

protests on June 6, 2020 when he met up with approximately 600 cyclists who had been

organized in a "bike protest" to honor Mr. Floyd and others whose lives had been taken by police

hands and to call loudly for racial justice in America.

3.      Unfortunately, his peaceful intentions and behavior could not protect him from an unjustified violent attack by NYPD officers.

4.      Mr. McCaffrey and the other protestors had been cycling around Brooklyn for over an hour and a half without incident.  An easy target because he was cycling at the very back of the group, Mr. McCaffrey at first did not notice the police van approaching him from behind.  When the van set off its siren and he did not immediately move, several officers emerged from the van and ran at Mr. McCaffrey.

5.      Approximately five officers tackled Mr. McCaffrey to the ground without basis.  They forced him down while punching him on the top and side of his head, and smashed his head against the asphalt repeatedly.

6.      The force used was entirely unnecessary and plainly excessive.

7.      Mr. McCaffrey's girlfriend attempted to approach the officers, pleading with them to stop their attack.  But the officers threatened her, and she retreated.  Several bystanders shouted at the officers to stop beating Mr. McCaffrey, and at least three onlookers filmed the assault.

8.      At no time did Mr. McCaffrey threaten the police, fight back, or throw any punches of his own.  Even after the police had him fully restrained on the ground, they continued to beat and punch him, repeatedly, while he lay there, helpless.  The repeated assaults on Mr. McCaffrey served no purpose other than to cause him harm and punish him for participating in a peaceful protest.

9.      After the officers finished beating Mr. McCaffrey, they handcuffed him, forced him into a police van, and took him to the nearby precinct.  He was held in a cell for approximately two hours before being released with a summons for disorderly conduct.  The summons was subsequently dismissed.

10.     Mr. McCaffrey sustained injuries to his face, head, and back, and suffered emotional distress from his assault by the police.

11.     The officers' attack on Mr. McCaffrey was a senseless and gratuitous display of violence against a peaceful protester who posed no threat to anyone, and reflects the NYPD's contempt for those who deign to stand up against unchecked police discretion.

12.     The NYPD's hostility toward and contempt for protesters is well-known and well-documented.  On January 14, 2021, Attorney General Letitia James sued the City and top officials in an attempt to finally end the "pervasive use of excessive force and false arrests by the [NYPD] against New Yorkers in suppressing overwhelmingly peaceful protests," specifically citing the NYPD's treatment of protesters between May 2020 and January 2021.  *See People of the State of New York v. City of New York et al.*, No. 21 Civ. 322 (S.D.N.Y.), Doc. No. 1 ("Attorney General Complaint"), ¶¶ 1–3; Doc. No. 51 ("Attorney General Amended Complaint"), ¶¶ 1–3.

13.     During this time period, officers regularly attacked the peaceful protesters with "batons, bicycles, . . . pepper spray[], body strikes, overly tight zip-ties, cars, and Tasers," Attorney General Amended Complaint ¶ 116, and arrested thousands of them, *id.* ¶¶ 51–71; 115–20.  The Attorney General found that the NYPD's "retaliat[ion] against First Amendment activity" at the Spring 2020 protests was "frequent[]" and "pervasive[]," *id.* ¶ 50, and that it was part of a decades-long history of similar behavior that had not been — and still has not been — addressed or remedied.  *Id.* ¶¶ 73–114.

14.     This lawsuit seeks redress for the harm the NYPD caused Mr. McCaffrey.

## JURISDICTION AND VENUE

15.     This action arises under the First, Fourth, and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§ 1983, 1985, and 1988, Article I, §§ 8, 9, and 12 of the New York State Constitution, and New York common law.

16.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a), and 1367.

17.     Venue is lodged in this Court pursuant to 28 U.S.C. § 1391(b)(2).

## THE PARTIES

18.     Plaintiff Pierce McCaffrey resides in Brooklyn, New York.

19.     Defendant City of New York (the "City") is a municipality organized and existing under the laws of the State of New York.  At all times relevant hereto, the City, acting through the New York City Police Department ("NYPD"), was responsible for the policies, practice, supervision, implementation, and conduct of all NYPD matters, and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel, including Defendants.  In addition, at all relevant times, the City was responsible for enforcing the rules of the NYPD and for ensuring that NYPD personnel obey the laws of the United States and the State of New York.

20.     At all times relevant hereto, Defendant James Caravello (Shield No. 10725) was a police officer and member of the NYPD.  With regard to all relevant events, Defendant Caravello was acting within the scope of his capacity as an agent, servant, and employee of the City.

21.     At all times relevant hereto, Defendant Christopher Shea (Shield No. 02700) was a sergeant and member of the NYPD.  With regard to all relevant events, Defendant Shea was acting within the scope of his capacity as an agent, servant, and employee of the City.

22.     At all times relevant hereto, Defendant Peter Ciappa (Shield No. 09133) was a police officer and member of the NYPD.  With regard to all relevant events, Defendant Ciappa was acting within the scope of his capacity as an agent, servant, and employee of the City.

23.     At all times relevant hereto, Defendant Michael Yen (Shield No. 10914) was a police officer and member of the NYPD.  With regard to all relevant events, Defendant Yen was acting within the scope of his capacity as an agent, servant, and employee of the City.

24.     At all times relevant hereto, Defendant Richard Fuentes (Shield No. 11714) was a police officer and member of the NYPD.  With regard to all relevant events, Defendant Fuentes was acting within the scope of his capacity as an agent, servant, and employee of the City.

25.     At all relevant times, Defendants Caravello, Shea, Ciappa, Yen, and Fuentes (collectively, the "Officer Defendants") were acting under color of state law.

## JURY DEMAND

26.     Plaintiff hereby demands a trial by jury.

## FACTUAL ALLEGATIONS

***The Officer Defendants Brutally Attack and Falsely Arrest Mr. McCaffrey While He is Peacefully Protesting Police Violence***

27.     In June 2020, Pierce McCaffrey had recently graduated from New York University with a Bachelor of Arts degree.  He was twenty-two years old.

28.     After the highly publicized police murders of George Floyd, Breonna Taylor, and several other Black men and women, Mr. McCaffrey sought to engage more meaningfully in local activism to promote racial justice.

29.     To that end, on June 6, 2020 Mr. McCaffrey decided to participate in a bike protest organized in conjunction with numerous Black Lives Matter marches and demonstrations that were taking place all over the country.

30.     The protest started at around 6:00 p.m. at Grand Army Plaza in Brooklyn. Upon information and belief, approximately 600 people gathered on bikes to join the protest.

31.     Mr. McCaffrey cycled peacefully through Brooklyn with the group without incident for over an hour and a half in a protest for racial justice.  He did not observe any members of the protest acting in a violent or destructive manner.

32.     At approximately 7:45 p.m., the group of cyclists passed under the Brooklyn-Queens Expressway overpass at the intersection of Nassau and Gold Streets, approaching the Brooklyn Bridge on Nassau Street.  Mr. McCaffrey was at the back of the group, riding near approximately twenty other bikers.

33.     A police van approached Mr. McCaffrey from behind.  He did not realize it was there.

34.     The van set off its siren one time.  No police officer said anything to Mr. McCaffrey or made any audible announcement.

35.     Mr. McCaffrey heard no order to disperse.  In fact, at no point in time prior to his arrest and beating did any officer direct Mr. McCaffrey to disperse in any manner that was audible to Mr. McCaffrey.

36.     In Mr. McCaffrey's experience, both during the course of this particular protest and from prior protests, it was common for police officers to set off a siren as a warning before moving on.

37.     Mr. McCaffrey continued riding his bike in front of the van.

38.     He then heard someone shout in his direction from the side of the street.

39.     When Mr. McCaffrey turned around, he saw approximately five to seven police officers running at him, aggressively and at full speed.  There were no warnings or directions given.

40.     Mr. McCaffrey dismounted from his bike, and instinctively picked it up simply to protect his body from the officers who were attacking him.

41.     Approximately five of the Officer Defendants then tackled Mr. McCaffrey, grabbing his hands and holding them behind his back as they simultaneously pushed his body to the ground.

42.     Defendant Caravello put Mr. McCaffrey in a headlock and punched Mr. McCaffrey repeatedly on top of his head while he was being forced down to the ground by the group of officers.

43.     The Officer Defendants together pushed Mr. McCaffrey to the ground and forced his head down to the asphalt.  Mr. McCaffrey had no use of his hands while the group of officers forced his body to the ground.

44.     At no point did Mr. McCaffrey resist the Officer Defendants; he did what he could to position his body so that he could be lowered to the ground without slamming his head against the asphalt.

45.     One or more of the Officer Defendants held Mr. McCaffrey on the ground by placing his knee on Mr. McCaffrey's back and pressing down on him.

46.     While the Officer Defendants fully restrained Mr. McCaffrey on the ground, Defendants Shea, Caravello, Yen, and/or Fuentes continued to punch Mr. McCaffrey repeatedly in the head, slamming his head against the asphalt.  Defendant Shea also punched Mr. McCaffrey on his shoulder.

47. The officers continued to beat on Mr. McCaffrey, who was fully restrained. One of the Officer Defendants struck Mr. McCaffrey in the face, and Defendant Yen kicked him.

48. During the assault, a member of the crowd shouted to Mr. McCaffrey, "Don't resist, don't resist!" Mr. McCaffrey immediately responded, "I'm not!"

49. While the Officer Defendants were beating Mr. McCaffrey, one of them ripped off Mr. McCaffrey's COVID-protective face mask. Upon information and belief, while they were holding and punching Mr. McCaffrey at close range, none of the Officer Defendants was wearing a mask, despite the fact that the COVID-19 pandemic was a real and present concern at the time and public health authorities strongly recommended face masks in all public places.

50. After the Officer Defendants punched and beat Mr. McCaffrey for several seconds, including stopping and then starting to punch him again while he was not resisting, one or more of them said, in sum and substance, "Put your hands behind your back."

51. Mr. McCaffrey complied, though he had difficulty moving his arms because the Officer Defendants were holding both of his wrists.

52. Mr. McCaffrey did not punch, hit, or kick any of the Officer Defendants at any point before, during, or after they tackled, punched, kicked, and beat him. He did not have any weapons.

53. During the assault, Mr. McCaffrey's girlfriend approached and begged the officers to stop. Approximately two to three officers rushed toward her aggressively and one shouted at her, in sum and substance, to "get the fuck back."

54. Three separate onlookers filmed the attack, and members of the crowd chanted, "The whole world is watching." Yet the officers did not relent.

55.     Despite the fact that the assault and use of force plainly was unnecessary and illegal, multiple officers who were present failed to intervene to stop it.

56.     After their violent attack ended, the Officer Defendants proceeded to forcefully put Mr. McCaffrey in handcuffs and shove and pull him toward the police van.

57.     Angry, afraid, and in substantial pain, Mr. McCaffrey shouted profanities at the Officer Defendants.  He did not at any point physically resist or fight back.

58.     As the Officer Defendants were pushing Mr. McCaffrey toward the van, Defendant Ciappa gratuitously pushed him in the chest, hard, causing Mr. McCaffrey to stumble. The Officer Defendants then forcefully put Mr. McCaffrey into the van.

59.     There were approximately nine officers with Mr. McCaffrey in the van. Upon information and belief, not one of the officers in the van wore a face mask.  By forcing Mr. McCaffrey to spend time in close, contained quarters with them, without wearing masks or returning to him the face mask he had previously been wearing, the Officer Defendants unreasonably placed Mr. McCaffrey at risk of contracting COVID-19.  This reckless behavior caused him additional emotional distress.

60.     Exhausted and in pain from the physical assault he had just suffered, Mr. McCaffrey attempted to rest his head on the seat in front of him.  Defendant Fuentes would not permit him even this small comfort, and elbowed Mr. McCaffrey in the face.

61.     The officers drove Mr. McCaffrey to the 72nd Precinct, south of Atlantic Avenue.  When they arrived, he was brought directly to a holding cell, where he was left alone for approximately two hours.

62.     Mr. McCaffrey had abrasions and bleeding on his hands, a cut on his head at his temple, and bruises on his hip, knees, and ankle.

63.     No officer booked Mr. McCaffrey or gave him any information about how long he would be held in the cell or what would happen to him.  The Officer Defendants spoke to Mr. McCaffrey only to insult him and hurl profanities at him.

64.     After one to two hours, two Emergency Medical Services professionals arrived and inspected Mr. McCaffrey in the holding cell.  One of them told Mr. McCaffrey that he needed to go to the hospital, but informed him that he would be required to pay for the visit himself.

65.     After approximately two hours in police custody, Mr. McCaffrey was finally released from the cell and handed a summons charging him with Disorderly Conduct. Specifically, the summons charged Mr. McCaffrey with violating Penal Law § 240.20(6), which prohibits congregating in a public place and refusing to comply with a lawful order of the police to disperse.  The summons directed Mr. McCaffrey to appear in court on October 2, 2020.

66.     Mr. McCaffrey's bike was returned to him, damaged.

67.     The summons was subsequently dismissed prior to Mr. McCaffrey's scheduled October 2, 2020 court appearance.

68.     As a direct and proximate result of the Officer Defendants' violent assault on Mr. McCaffrey, in which several officers attacked him, pushed him to the ground, punched his head against the asphalt numerous times, kicked him, shoved him, and insulted him, thereafter arresting him without cause and holding him in a cell for two hours without justification and for no reason other than to intimidate and punish him, Mr. McCaffrey suffered physical pain and suffering, and has continued to suffer physical pain and suffering, emotional harm, and other losses.

69.     Mr. McCaffrey has had back pain since the assault.

70.     Since the attack, Mr. McCaffrey has had difficulty trusting police officers and others in positions of authority.  He also has had nightmares about the physical assault on June 6.

71.     Mr. McCaffrey filed a sworn notice of claim on September 1, 2020, within 90 days after the claims alleged herein arose.  The notice was served electronically on the same day, through the New York City Comptroller's online portal.  Mr. McCaffrey received a letter, dated September 1, 2020, from the City's Office of the Comptroller acknowledging receipt of the notice.

72.     Mr. McCaffrey sat for a 50-h deposition on September 29, 2020.

73.     At least 30 days have elapsed since Mr. McCaffrey served his notice of claim, and adjustment or payment of the claim has been neglected or refused.

74.     This action has been commenced within one year and ninety days after the events giving rise to Mr. McCaffrey's claims occurred.

***The Unconstitutional Treatment of Mr. McCaffrey Was Part of a Widespread Retaliatory Response to Peaceful Protesters in Spring 2020***

75.     The Officer Defendants' unconstitutional treatment of Mr. McCaffrey was part of a pervasive and broadly coordinated police response to the racial justice protests of 2020, in which "NYPD Officers effected mass arrests without probable cause, unjustifiably deployed pepper spray, batons, and other force against protesters" including "fist strikes", and "targeted and retaliated against First Amendment activity so frequently and pervasively as to constitute customs or usages of the NYPD."  *See* Attorney General Amended Complaint ¶¶ 3, 50.

76.     Despite the fact that even Police Commissioner Shea acknowledged that the protesters were "overwhelmingly . . . good people coming out to voice their opinion,"

*id.* ¶ 48, the NYPD arrested thousands of protesters in late spring of 2020, *id.* ¶¶ 51–61, and violently assaulted at least several hundred of them, *id.* ¶¶ 115–17.

77.     The NYPD's widespread use of excessive force and false arrests in response to large-scale protests is "not new," but is part of over two decades of the NYPD engaging in unconstitutional and retaliatory responses to large-scale protests. *Id.* ¶¶ 6, 24–41.

78.     Prior to the 2020 protests, despite the longstanding and well-documented pattern of police use of excessive force and false arrests at protests, the NYPD did not adequately train its officers regarding how to respond to protesters in a lawful manner. *See id.* ¶¶ 73–114.

79.     The NYPD also has not properly disciplined or supervised its officers. Since 2003, the Civilian Complaint Review Board ("CCRB") has substantiated 730 excessive force allegations against NYPD officers who were still employed as of June 2020, *id.* ¶ 34, making it not only predictable but inevitable that officers would continue to employ unlawful practices against the mass protesters throughout 2020. *Id.* ¶ 10.

80.     All of the Officer Defendants have been the subject of complaints about misconduct and/or investigations into allegations of misconduct by the NYPD or other agencies, including CCRB complaints lodged against Defendants Shea, Ciappa, Yen, and Fuentes.

81.     Defendants Shea and Ciappa were defendants in a lawsuit in this District, which asserted constitutional violations stemming from the officers' alleged conspiracy to falsify summonses and make false arrests in furtherance of an illegitimate purpose. *See KB Venture Grp., LLC et al. v. City of New York et al.*, No. 18 Civ. 7003 (E.D.N.Y.). Defendant Fuentes was a defendant in a 2008 lawsuit in this District in which he and other officers were sued for subjecting the plaintiff to false arrest, false imprisonment, and malicious prosecution. *See Cruz v. City of New York et al.*, No. 08 Civ. 2082 (E.D.N.Y.). Defendant Shea was a named defendant in a lawsuit in New York Supreme Court which asserted that he and other officers subjected the

plaintiff to false arrest and assault and battery.  *See Cary St. Charles Small v. City of New York et al.*, 154322/2015 (Sup. Ct. N.Y. Cnty.).

82.     On information and belief, NYPD officers at the 2020 protests and the Officer Defendants were particularly hostile toward protesters, including Mr. McCaffrey, because the protesters were using their free speech rights to draw attention to police violence.

**FIRST CAUSE OF ACTION**
**(Excessive Force under 42 U.S.C. § 1983)**
**(Against the Officer Defendants)**

83.     Plaintiff hereby incorporates each of the foregoing paragraphs as if fully set forth herein.

84.     The Officer Defendants deprived Mr. McCaffrey of the rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, including, without limitation, rights guaranteed by the First, Fourth, and Fourteenth Amendments to the United States Constitution, by using excessive force and assaulting Mr. McCaffrey.

85.     The level of force employed by the Officer Defendants was excessive, objectively unreasonable, and otherwise in violation of Mr. McCaffrey's constitutional rights.

86.     In taking the actions complained of in the foregoing paragraphs, the Officer Defendants acted under pretense and color of state law, in their individual and official capacities, and within the scope of their respective employment as NYPD officers.  The Officer Defendants' actions were without authority of law and were an abuse of the Officer Defendants' powers, and the Officer Defendants acted willfully, knowingly, and with the specific intent to deprive Mr. McCaffrey of his rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution (as made actionable by 42 U.S.C. § 1983).

87.     As a direct and proximate result of the aforementioned conduct of

Defendants, Plaintiff sustained damages in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)**
**(Against the Officer Defendants)**

88.     Plaintiff hereby incorporates each of the foregoing paragraphs as if fully

set forth herein.

89.     The Officer Defendants deprived Mr. McCaffrey of the rights, remedies,

privileges, and immunities guaranteed to every citizen of the United States, in violation of 42

U.S.C. § 1983, including, without limitation, rights guaranteed by the First, Fourth, and

Fourteenth Amendments to the United States Constitution, by falsely arresting and unlawfully

imprisoning Mr. McCaffrey.

90.     The Officer Defendants wrongfully and intentionally stopped Mr.

McCaffrey without reasonable suspicion, causing him to be detained against his will.

91.     The Officer Defendants wrongfully and intentionally arrested Mr.

McCaffrey without a warrant and without probable cause, causing him to be detained against his

will and subjected to physical restraints.

92.     Mr. McCaffrey was conscious of the Officer Defendants' confinement of

him.

93.     Mr. McCaffrey did not consent to the Officer Defendants' confinement of

him.

94.     The Officer Defendants' confinement of Mr. McCaffrey was not legally

privileged.

95.     In taking the actions complained of in the foregoing paragraphs, the

Officer Defendants acted under pretense and color of state law, in their individual and official

14

capacities, and within the scope of their respective employment as NYPD officers.  The Officer

Defendants' actions were without authority of law and were an abuse of the Officer Defendants'

powers, and the Officer Defendants acted willfully, knowingly, and with the specific intent to

deprive Mr. McCaffrey of his rights under the First, Fourth, and Fourteenth Amendments to the

United States Constitution (as made actionable by 42 U.S.C. § 1983).

96.     As a direct and proximate result of the aforementioned conduct of

Defendants, Plaintiff sustained damages in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**(Failure to Intervene under 42 U.S.C. § 1983)**
**(Against the Officer Defendants)**

97.     Plaintiff hereby incorporates each of the foregoing paragraphs as if fully

set forth herein.

98.     The Officer Defendants deprived Mr. McCaffrey of the rights, remedies,

privileges, and immunities guaranteed to every citizen of the United States, in violation of 42

U.S.C. § 1983, including, without limitation, rights guaranteed by the First, Fourth, and

Fourteenth Amendments to the United States Constitution, by failing to intervene to prevent the

violations of Mr. McCaffrey's rights.

99.     While Mr. McCaffrey was unlawfully attacked, beaten, handcuffed, and

arrested without probable cause by certain Officer Defendants, other Officer Defendants were

present and observed the attack.

100.    These Officer Defendants who were present and observed the attack had

an affirmative duty to intervene on behalf of Mr. McCaffrey, whose constitutional rights were

being violated in their presence by other officers.

101.    The Officer Defendants failed to intervene to prevent the unlawful conduct

described herein.

102.    As a result of the foregoing, Mr. McCaffrey's liberty was unlawfully restricted.

103.    The use of excessive force against Mr. McCaffrey lasted sufficiently long to permit the Officer Defendants a realistic opportunity to intervene.  He also was detained for a prolonged period of time after the Officer Defendants knew that they lacked probable cause to arrest Mr. McCaffrey.

104.    In taking the actions complained of in the foregoing paragraphs, the Officer Defendants acted under pretense and color of state law, in their individual and official capacities, and within the scope of their respective employment as NYPD officers.  The Officer Defendants' actions were without authority of law and were an abuse of the Officer Defendants' powers, and the Officer Defendants acted willfully, knowingly, and with the specific intent to deprive Mr. McCaffrey of his rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution (as made actionable by 42 U.S.C. § 1983).

105.    As a direct and proximate result of the aforementioned conduct of Defendants, Plaintiff sustained damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (First Amendment Retaliation under 42 U.S.C. § 1983)
### (Against the Officer Defendants)

106.    Plaintiff hereby incorporates each of the foregoing paragraphs as if fully set forth herein.

107.    The Officer Defendants deprived Mr. McCaffrey of the rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, including, without limitation, rights guaranteed by the First, Fourth, and Fourteenth Amendments to the United States Constitution, by depriving Mr. McCaffrey of his rights to speech and peaceful assembly on a public street, and by retaliating against Mr.

McCaffrey because he exercised his First Amendment right to participate in a protest against police violence.

108.    The Officer Defendants' actions in assaulting and beating Mr. McCaffrey and falsely arresting and imprisoning him while he was exercising his First Amendment rights to speech and peaceful assembly on a public street were motivated or substantially caused by his exercise of his First Amendment rights, and undertaken in retaliation for that protected speech and activity.

109.    The Officer Defendants' actions effectively chilled the exercise of Mr. McCaffrey's First Amendment rights.  His participation in the protest was cut short when he was assaulted and arrested.  He has felt deterred from attending protests since the incident on June 6, 2020.

110.    In taking the actions complained of in the foregoing paragraphs, the Officer Defendants acted under pretense and color of state law, in their individual and official capacities, and within the scope of their respective employment as NYPD officers.  The Officer Defendants' actions were without authority of law and were an abuse of the Officer Defendants' powers, and the Officer Defendants acted willfully, knowingly, and with the specific intent to deprive Mr. McCaffrey of his rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution (as made actionable by 42 U.S.C. § 1983).

111.    As a direct and proximate result of the aforementioned conduct of Defendants, Plaintiff sustained damages in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### (Conspiracy under 42 U.S.C. §§ 1983 and 1985)
### (Against the Officer Defendants)

112.    Plaintiff hereby incorporates each of the foregoing paragraphs as if fully set forth herein.

113.     The Officer Defendants conspired among themselves in violation of 42

U.S.C. § 1985(3) to deprive Mr. McCaffrey of his constitutional rights secured by 42 U.S.C.

§ 1983, and by the First, Fourth, and Fourteenth Amendments to the United States Constitution,

and took numerous overt steps in furtherance of such conspiracy, as set forth above.

114.     In taking the actions complained of in the foregoing paragraphs, the

Officer Defendants acted under pretense and color of state law, in their individual and official

capacities, and within the scope of their respective employment as NYPD officers.  The Officer

Defendants' actions were without authority of law and were an abuse of the Officer Defendants'

powers, and the Officer Defendants acted willfully, knowingly, and with the specific intent to

deprive Mr. McCaffrey of his rights under the First, Fourth, and Fourteenth Amendments to the

United States Constitution (as made actionable by 42 U.S.C. § 1983).

115.     As a direct and proximate result of the aforementioned conduct of

Defendants, Plaintiff sustained damages in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION
### (False Arrest and Imprisonment – New York Law)
### (Against All Defendants)

116.     Plaintiff hereby incorporates each of the foregoing paragraphs as if fully

set forth herein.

117.     The Officer Defendants wrongfully and illegally detained, arrested, and

imprisoned Mr. McCaffrey against his will by restraining him on the street and then in a police

vehicle without probable cause to believe that he had committed any crime, was about to commit

any crime, or posed any threat of physical harm to the Officer Defendants or anyone else.

118.     The wrongful and false imprisonment of Mr. McCaffrey continued when

he was transferred to an NYPD precinct and placed in a holding cell.

119.     The wrongful, unjustifiable, and unlawful apprehension, detention, and imprisonment of Mr. McCaffrey was carried out without a valid warrant and without probable cause.

120.     Mr. McCaffrey was conscious of the Officer Defendants' confinement of him.

121.     Mr. McCaffrey did not consent to the Officer Defendants' confinement of him.

122.     The Officer Defendants' confinement of Mr. McCaffrey was not legally privileged.

123.     At all relevant times, the Officer Defendants were employees of the City of New York and the NYPD acting within the scope of their employment.  Defendant City is therefore liable to Mr. McCaffrey under the doctrine of *respondeat superior*.

124.     As a direct and proximate result of this false arrest and imprisonment by Defendants, Plaintiff sustained damages in an amount to be determined at trial.

**SEVENTH CAUSE OF ACTION**
**(New York State Constitution, Art. I, § 12)**
**(Against All Defendants)**

125.     Plaintiff hereby incorporates each of the foregoing paragraphs as if fully set forth herein.

126.     By using excessive force against Mr. McCaffrey, and by stopping, arresting, detaining, and imprisoning Mr. McCaffrey without legally sufficient justification, the Officer Defendants deprived Mr. McCaffrey of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 12 of the New York State Constitution.

127.     In addition, the Officer Defendants conspired among themselves to deprive Plaintiff of his constitutional rights secured by Article I, § 12 of the New York State

Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

128.    The Officer Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as NYPD officers.  Said acts by the Officer Defendants were without authority of law and in abuse of their powers, and the Officer Defendants acted willfully, knowingly, and with the specific intent to deprive Mr. McCaffrey of his constitutional rights secured by Article I, § 12 of the New York State Constitution.

129.    The Officer Defendants were responsible for the deprivation of Mr. McCaffrey's state constitutional rights.

130.    Defendant City, as employer of each of the Officer Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

131.    As a direct and proximate result of the violation of Plaintiff's state constitutional rights by Defendants, Plaintiff sustained damages in an amount to be determined at trial.

**EIGHTH CAUSE OF ACTION**
**(New York State Constitution, Art. I, §§ 8 & 9)**
**(Against All Defendants)**

132.    Plaintiff hereby incorporates each of the foregoing paragraphs as if fully set forth herein.

133.    By reason of the foregoing, and by retaliating against Mr. McCaffrey for exercising his rights to free speech and assembly under sections 8 and 9 of Article I of the New York State Constitution, the Officer Defendants deprived Mr. McCaffrey of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, §§ 8 and 9 of the New York State Constitution.

134.     Mr. McCaffrey was engaged in protected speech and expressive conduct, and had a right to do so on a public street.  He was not threatening public safety or interfering with lawful police action in any way.  Yet, without legal justification, the Officer Defendants used physical force and detention to prevent and deter him from engaging in free speech.

135.     The Officer Defendants' actions in assaulting and beating Mr. McCaffrey and falsely arresting and imprisoning him were motivated or substantially caused by his exercise of his rights under the New York State Constitution, and undertaken in retaliation for that protected speech and activity.

136.     The Officer Defendants' actions would chill a reasonable person, and did effectively chill the exercise of Mr. McCaffrey's rights secured by Sections 8 and 9 of Article I of the New York State Constitution.  His participation in the protest was cut short when he was assaulted and arrested.  He has felt deterred from attending protests since the incident on June 6, 2020.

137.     In addition, the Officer Defendants conspired among themselves to deprive Plaintiff of his constitutional rights secured by Article I, §§ 8 and 9 of the New York State Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

138.     The Officer Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as NYPD officers.  Said acts by the Officer Defendants were without authority of law and in abuse of their powers, and the Officer Defendants acted willfully, knowingly, and with the specific intent to deprive Mr. McCaffrey of his constitutional rights secured by Article I, §§ 8 and 9 of the New York State Constitution.

139.    The Officer Defendants were responsible for the deprivation of Mr. McCaffrey's state constitutional rights.

140.    Defendant City, as employer of each of the Officer Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

141.    As a direct and proximate result of the violation of Plaintiff's state constitutional rights by Defendants, Plaintiff sustained damages in an amount to be determined at trial.

**NINTH CAUSE OF ACTION**
**(Assault)**
**(Against All Defendants)**

142.    Plaintiff hereby incorporates each of the foregoing paragraphs as if fully set forth herein.

143.    The Officer Defendants, acting within the scope of their employment, intentionally, willfully, and maliciously assaulted Mr. McCaffrey, in that the Officer Defendants had the real or apparent ability to cause imminent harmful and/or offensive bodily contact to Mr. McCaffrey, and intentionally did violent and/or menacing acts, which threatened such contact to Mr. McCaffrey, and such acts caused apprehension of such contact in Mr. McCaffrey.

144.    At all relevant times, the Officer Defendants were employees of Defendant City and were acting within the scope of their employment.  Defendant City is therefore liable for the Officers Defendants' wrongdoing under the doctrine of *respondeat superior*.

145.    As a direct and proximate result of Defendants' conduct, Plaintiff sustained damages in an amount to be determined at trial.

**TENTH CAUSE OF ACTION**
**(Battery)**
**(Against All Defendants)**

146.     Plaintiff hereby incorporates each of the foregoing paragraphs as if fully set forth herein.

147.     The Officer Defendants, acting within the scope of their employment, intentionally, willfully, and maliciously attacked and battered Mr. McCaffrey including by hitting, punching, and kicking his body, and slamming his head against the ground, without his consent, and with the intent to cause harmful and/or offensive bodily contact to Mr. McCaffrey.

148.     At all relevant times, the Officer Defendants were employees of Defendant City and were acting within the scope of their employment.  Defendant City is therefore liable for the Officer Defendants' wrongdoing under the doctrine of *respondeat superior*.

149.     As a direct and proximate result of Defendants' conduct, Plaintiff sustained damages in an amount to be determined at trial.

**ELEVENTH CAUSE OF ACTION**
**(Negligence)**
**(Against City of New York)**

150.     Plaintiff hereby incorporates each of the foregoing paragraphs as if fully set forth herein.

151.     The Officer Defendants owed a special duty of care to New York residents, including Mr. McCaffrey, whom they injured or whom they witnessed being injured by the other Officer Defendants.

152.     They violated this special duty by assaulting and beating Mr. McCaffrey, by failing to intervene to prevent injury to him, and by failing to promptly seek and/or provide medical aid to him.

153.    The Officer Defendants' negligent actions, failure to intervene to prevent Mr. McCaffery's injuries, and failure to seek and/or provide medical aid to Mr. McCaffrey proximately caused him further injury.

### TWELFTH CAUSE OF ACTION
**(Negligent Screening, Hiring, Retention, Supervision, and Training)**
**(Against City of New York)**

154.    Plaintiff hereby incorporates each of the foregoing paragraphs as if fully set forth herein.

155.    Defendant City, through the NYPD, owed Mr. McCaffrey a duty of care to prevent the physical and mental abuse Mr. McCaffrey suffered at the hands of City employees.

156.    Upon information and belief, Defendant City, through the NYPD, owed this duty of care to Mr. McCaffrey because under the same or similar circumstances, a reasonable, prudent, and careful person would have anticipated that the Officer Defendants' conduct was likely to result in an injury to Mr. McCaffrey or a similarly situated person.

157.    The NYPD's longstanding, well-documented history of using excessive force against and falsely arresting protesters, the history of CCRB complaints and litigation against NYPD Officers and against the Officer Defendants specifically, and other factors made it foreseeable that the Officer Defendants would engage in the aforementioned unconstitutional actions against Mr. McCaffrey.

158.    Upon information and belief, the Officer Defendants were unfit and/or incompetent for their positions.

159.    Upon information and belief, Defendant City knew or should have known through the exercise of reasonable diligence that the Officer Defendants were not fit for duty and/or were potentially dangerous.

160.    Upon information and belief, Defendant City's negligence in screening, hiring, and retaining the Officer Defendants directly and proximately caused Plaintiff's injuries.

161.    Upon information and belief, Defendants also failed to use reasonable care in the training and supervision of NYPD Officers who assaulted, battered, falsely arrested, and/or negligently injured Plaintiff.

162.    As a direct and proximate result of this negligence, Plaintiff sustained damages in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

a.    Awarding compensatory damages for garden-variety emotional harm and the physical pain and suffering Plaintiff endured during the underlying events, in an amount to be determined at trial;

b.    Awarding punitive damages in an amount to be determined at trial; and

c.    Awarding pre- and post-judgment interest, costs, attorneys' fees, and such other and further relief as this Court may deem just and proper.

Dated:  September 7, 2021
         New York, New York                          CUTI HECKER WANG LLP

                                                     By:   s/ Alice G. Reiter_____
                                                           Mariann Meier Wang
                                                           Alice G. Reiter
                                                           Heather C. Gregorio

                                                     305 Broadway, Suite 607
                                                     New York, New York 10007
                                                     (212) 620-2604
                                                     mwang@chwllp.com
                                                     areiter@chwllp.com
                                                     hgregorio@chwllp.com

                                                     *Attorneys for Plaintiff Pierce McCaffrey*